**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
GEORGE WADIS,                           :        CIVIL ACTION
                          Petitioner,   :
                                        :
            v.                          :        NO. 14-1899
                                        :
COMMONWEALTH OF PENNSYLVANIA,           :
                          Respondents.  :
_____ :

Henry S. Perkin, M.J.                                        June 18, 2014

**<u>REPORT AND RECOMMENDATION</u>**

   Presently before the Court is a <u>pro</u> <u>se</u> Petition for Writ of Habeas Corpus filed by

the Petitioner, George Wadis ("Petitioner"), pursuant to 28 U.S.C. section 2241.   By Order of

May 2, 2014, the Petition for Writ of Habeas Corpus was referred by the Honorable L. Felipe

Restrepo for preparation of a Report and Recommendation.   For the reasons that follow, it is

recommended that the Petition for Writ of Habeas Corpus should be denied without prejudice

and dismissed without an evidentiary hearing.

**I.**   **<u>DISCUSSION.</u>**

   On March 17, 2014, Petitioner signed the instant <u>pro</u> <u>se</u> Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, which was docketed by the Clerk of Court's Office

on March 31, 2014.   <u>See</u> Doc. No. 1.   Petitioner names as Respondents the Commonwealth of

Pennsylvania, the Court of Common Pleas of Philadelphia County, the Philadelphia Prison

System, the Defenders Association of Philadelphia, the United States Government and the City

of Philadelphia.   <u>Id.</u> at 1.   Despite naming these parties as Respondents, Petitioner is

challenging his conviction and sentence for aggravated assault imposed on August 23, 2013, in

the Court of Common Pleas of Montgomery County, Pennsylvania, Docket No.

CP-46-CR-007314-2012.   Id. at 2.   On August 23, 2013, the Honorable William R. Carpenter

sentenced Petitioner to a term of incarceration eleven to twenty-three months followed by two

years of probation.   Petitioner's claims are:

> GROUND ONE: Ineffective assistance of counsel/ violations of PA rules of
> Professional Conduct/ VI Amendment violations/ 14th Amendment violations/ 8th
> Amendment violations/ 4th Amendment violations/ V Amendment violations re:
> due process

> GROUND TWO: Abuse of discretion/ Bill of Rights/ Civil liberty violations/ 14th
> Amendment violations/ civil rights violations

> GROUND THREE: Speedy Trial/ Prompt Trial Violations/ Bill of Rights/ Civil
> liberty violations/ 14th Amendment violations/ civil rights violations

> GROUND FOUR: Procedural (error)/ Defense Civil rights violations/   Civil
> liberty violations/ Commonwealth's failure to hear defendant's motions to have
> rule 600 hearings

Pet., pp. 3-6.   To the standard form Petition, Petitioner attaches fifteen pages labeled "Grounds

and Supporting Facts," ten pages labeled "Amendment," and twelve pages labeled "Memorandum

of Law."   A review of the standard form Petition, the claims asserted in the Petition and the

miscellaneous attachments to that Petition show that Petitioner has confusingly mixed the claims

based on proceedings related to his guilty plea and sentencing in the Montgomery County case

with another case pending in the Court of Common Pleas for Philadelphia County, No.

CP-51-CR-0005598-2011, for which Petitioner is currently a pre-trial detainee.

District Courts may dismiss habeas petitions where it is apparent from the face of

the petition that the petitioner is not entitled to relief.   Azille v. Pennsylvania, Civ.A. No.

13-5446, 2014 WL 1608667, at *2 (E.D. Pa. Apr. 21, 2014)(citing Lonchar v. Thomas, 517 U.S.

314, 320, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996) and Siers v. Ryan, 773 F.2d 37, 45 (3d

Cir.1985)).   No response is needed to the Petition because it plainly appears from the Petition

and a review of the state court criminal dockets that no relief is warranted to Petitioner at this

time.   Id. (citing 28 U.S.C. § 2254 Rule 4 (no response is required if "it plainly appears from the

petition and any attached exhibits that petitioner is not entitled to relief . . .")).   Having reviewed

the Petition and its attachments, Criminal Docket No. CP-46-CR-007314-2012 and Criminal

Docket No. CP-51-CR-0005598-2011, we offer this Report and Recommendation.

> **A.**     **Criminal Docket No. CP-46-CR-007314-2012.**

In the aggravated assault conviction in the Court of Common Pleas of

Montgomery County, Criminal Docket No. CP-46-CR-007314-2012, Petitioner has not satisfied

the exhaustion requirement by presenting his claims through one full round of the state's

appellate process.   Petitioner's guilty plea and sentencing took place on August 23, 2013.   On

February 26, 2014, Petitioner filed a pro se petition for collateral review under the Pennsylvania

Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A, § 9541, et seq.   On May 14, 2014, Michael

P. Gottlieb, Esquire, was appointed to represent Petitioner and Attorney Gottlieb entered his

appearance on petitioner's behalf on May 22, 2014.   No briefing or hearing schedule has been set

for the PCRA proceedings.   Thus, Petitioner has not yet exhausted any claims related to his

aggravated assault conviction in Montgomery County, Criminal Docket No.

CP-46-CR-007314-2012.

> **B.**     **Criminal Docket No. CP-51-CR-0005598-2011.**

In reviewing the Petition and the attachments thereto under the analysis pertaining

to claims made pursuant to § 2241, it appears that Petitioner is also trying to enforce "the state's

obligation to bring him promptly to trial" on the charges lodged against him in Philadelphia

County for Criminal Attempt - Murder of the First Degree, Aggravated Assault, Possession of an

Instrument of Crime with Intent, Terroristic Threats with Intent to Terrorize Another, Simple

Assault, Recklessly Endangering Another Person and Criminal Attempt - Murder.   See Criminal

Docket No. CP-51-CR-0005598-2011; Braden v. 30th Judicial Circuit Court of Kentucky, 410

U.S. 484, 489-491 (1973).

        Petitioner should have filed a separate habeas Petition for any claims he asserts in

conjunction with the charges against him in Philadelphia County.   Nonetheless, allegations in

the current Petition with respect to the Philadelphia County case arise under Rule 600 of the

Pennsylvania Rules of Criminal Procedure.   This claim is based on a violation of state law and is

not cognizable in a federal habeas proceeding.   Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Moreover, any Rule 600 claim is also unexhausted.

    **C.**    **Conclusion.**

        Because it is evident that Petitioner has not followed the required conduct by

exhausting his state court remedies sought in this Petition, this Court should "stay its hand" and

dismiss, without prejudice, the instant Petition for Writ of Habeas Corpus as unexhausted to

allow Petitioner to exhaust his claims in state court.   Walker v. Vaughn, 53 F.3d 609 (3d Cir.

1995).   There does not appear to be good cause for failing to present the presently unexhausted

claims to the state courts.   Petitioner has failed to allege a violation of the United States

Constitution, laws or treaties of the United States upon which a grant of federal habeas corpus

relief may be premised.   Habeas claims must arise under the federal Constitution or federal law.

28 U.S.C. § 2254(a).   Violations of state law do not, as a general rule, provide a basis for the

grant of federal habeas relief.   Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991)("review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights").   Accordingly, the Petition should be denied without prejudice.

## II.      **CERTIFICATE OF APPEALABILITY.**

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).   In this case, reasonable jurists could not disagree that the claims in the instant Petition are unexhausted.

For all of the above reasons, I make the following:

5

## <u>RECOMMENDATION</u>

AND NOW, this      18th      day of June, 2014, IT IS RESPECTFULLY

RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §

2241 (Doc. No. 1) should be DENIED without prejudice and DISMISSED without an evidentiary

hearing.   There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.   <u>See</u>

Local Civ. Rule 72.1.   Failure to timely file objections may constitute a waiver of any appellate

rights.

BY THE COURT:


*/s/ Henry S. Perkin*_____
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE