IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE WADIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PA., *et al.* | : | NO. 14-1899 |

O R D E R

AND NOW, this 3rd day of December, 2014, upon consideration of the Petition for Writ of Habeas Corpus, the Report and Recommendation ("R&R") of United States Magistrate Judge Henry S. Perkin recommending denial and dismissal of the habeas petition without prejudice, and petitioner's Objections to Judge Perkin's R&R, it is hereby ORDERED that:

    1. Petitioner's Objections (ECF Document 7) are OVERRULED;[1]

---

[1] Under 28 U.S.C. § 636(b)(1) and Local R. Civ. P. 72.1(IV)(b), the Court makes a *de novo* determination of those portions of the R&R to which there are objections, and in providing for a "de novo determination," Congress intended to permit "whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place" on a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676 (1980). The court may accept, reject or modify, in whole or in part any of the findings or recommendations. *Id.* at 673-74. Here, Judge Perkin noted that petitioner has improperly filed one habeas petition which includes claims challenging two separate cases - one in Montgomery County (where post-conviction proceedings are pending) and one in Philadelphia (in the pretrial stage at the time of the R&R). Furthermore, as Judge Perkin's R&R points out, to the extent that petitioner raises claims cognizable in the federal habeas petition filed, petitioner has failed to satisfy the exhaustion requirement. Moreover, he has failed to show extraordinary circumstances sufficient to excuse the failure to exhaust. Petitioner's conclusory, vague, and unsupported assertions of what he believes to be a "flamboyant conspiracy" against him are insufficient to overcome principles of federalism which dictate respect for the authority and ability of state courts to protect constitutional rights in the first instance. "It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)), *cert. denied*, 532 U.S. 919 (2001); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). In the event that a federal court determines there exists a

    2. Judge Perkin's Report and Recommendation (Doc. 5) is APPROVED and ADOPTED;

    3. The habeas petition (Doc. 1) is DENIED and DISMISSED, w/o prejudice;

    4. A Certificate of Appealability shall not issue in that a reasonable jurist could not conclude that it would be improper for this Court to dismiss the petition without prejudice.

    BY THE COURT:


     s/ L. Felipe Restrepo
    L. FELIPE RESTREPO
    UNITED STATES DISTRICT JUDGE

---

possibility of state court review, the petition should be dismissed without prejudice. *See Banks v. Horn*, 126 F.3d 206, 213 (3d Cir. 1997); *Toulson*, 987 F.2d at 987. Requiring exhaustion of state remedies "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *Lambert*, 134 F.3d. at 513 n.18 (quoting *Toulson*, 987 F.2d at 986). Although the exhaustion rule is a matter of comity and not jurisdiction, it "should be strictly adhered to because it expresses respect for our dual judicial system." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992) (quoting *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990)), *cert. denied*, 504 U.S. 944 (1992); *see also Burkett v. Love*, 89 F.3d 135, 137 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality."). The petitioner has the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir. 1982). Thus, "[t]he habeas petitioner bears the burden of proving that he has exhausted available state remedies." *Toulson*, 987 F.2d at 987.